## STATE OF SOUTH CAROLINA v. MOSES.

1. It would seem that an action on the official bond of a clerk of court, may be brought in the name of the State alone, but an objection on this ground can be raised by demurrer only.

2. An action may be maintained against a married woman as surety on a bond without any allegation that she has a separate estate, and without apt and proper words to charge such estate.

3. A clerk of court neglecting to deposit his official moneys in bank as required by law, or to pay out in proper cases under orders of the court, is guilty of a continuing default, for which (without demand by the parties in interest) he and the sureties on his second and additional official bond are liable, although the moneys were received before the execution of such bond.

4. And a verdict for the penalty of the bond is in proper form, and is not vitiated by additional findings for the parties injured by the default, which may be rejected as surplusage. The proper practice in such cases indicated.

———

Before KERSHAW, J., Newberry, November, 1880.

This was an action commenced October 2, 1879. The opinion states the case.

*Mr. James Y. Culbreath*, for appellants.

Moses committed no default in failing to account to one who had forcibly ejected him from his office. 14 *Barb.* 397. Nor in failing to account to the parties in interest, for there had been no order to pay out. 5 *Rich. Eq.* 38. And in no event could there be action before demand made. 2 *Bail.* 51; 1 *Hill Ch.* 423. For a failure to deposit, only the first sureties are liable. 5 *Rich. Eq.* 240. And there was no order to deposit and no damages shown. The verdict is irregular and inconsistent with the complaint. The action was improperly brought in the name of the State. 11 *Rich.* 111. There can be no interest until demand. 2 *Bail.* 51.

*Messrs. Jones & Jones, G. S. Mower*, contra.

The second sureties are liable. *Brandt Sur. & Guar.*, § 453; 2 *Bail.* 397, 480, 524; *McM. Eq.* 370; 2 *Hill* 312; 2 *McC. Ch.* 55; 59 *Ill.* 148; 4 *Strob. Eq.* 149; 5 *Leigh* 414. Objection to party plaintiff could be taken only by demurrer. *Code*, § 167; 12 *S. C.* 130. But State could sue under section 137 of the code. 6 *S. C.* 119; 21 *Barb.* 214; 9 *N. Y.* 176; *Pom.*

*Rem.*, § 176; 11 *Ohio* 515; 19 *Mo.* 369; 21 *Id.* 112; 33 *Iowa* 345. Mrs. Moses is liable. 15 *S. C.* 581, 602; 8 *Kans.* 525.

January 9th, 1883. The opinion of the court was delivered by

Mr. Justice McIver. This was an action on the official bond of H. C. Moses, as clerk of the Court of Common Pleas for Newberry county. It seems that Moses was appointed clerk by the judge of the Seventh Circuit, within which the county of Newberry is embraced, on February 16th, 1875, and that he then entered into bond for the faithful performance of the duties of the office. He was subsequently required to give a new bond, and accordingly, on April 4th, 1877, he entered into another bond, with all the other defendants, except Montgomery Moses, as his sureties, and the action is brought on the last-mentioned bond.

The breaches assigned are: 1. That he received large sums of money in certain cases stated in the complaint, "which he has neither deposited to the credit of the court in the National Bank of Newberry, nor in any other bank in the Seventh Judicial Circuit, as required by law to do, nor has he turned the same over to Ebenezer P. Chalmers, who was duly elected clerk of the Court of Common Pleas for Newberry county, on July 26th, 1877, and commissioned on August 14th, 1877, nor has he paid the same over to the parties entitled thereto, although often requested so to do." 2. That the said H. C. Moses "has neglected and refused, and still doth neglect and refuse, to turn over to the said Ebenezer P. Chalmers, clerk as aforesaid, as required by law, certain of the furniture and papers of the said office, to wit: the iron strong box, or safe, and the money bonds given in cases in said court." 3. That the said H. C. Moses "did not at each stated session of the Court of Common Pleas for Newberry, present, as required by law, an account to said court of all moneys remaining therein, or subject to the order thereof, stating particularly on account of what cause or causes said moneys are deposited, nor did he file the vouchers thereof in court." Judgment was demanded for the penalty of the bond, ten thousand dollars, and for costs and disbursements.

The defendants, by their answer, submit that the action was

improperly brought in the name of the State alone, but that it should have been brought upon the relation of some party in interest, who might be held liable for costs, and upon the written authority of the attorney-general.   2. They admit the execution of the bond sued upon.   3. The defendant, Catherine Moses, denies her liability, because she was and is a married woman, the wife of Montgomery Moses, who should have been joined with her as a defendant in the action, and also because there is no allegation in the complaint that Mrs. Moses had any separate estate, or any apt words to fix liability thereon in this action. 4. They deny that said H. C. Moses committed any default in the discharge of the duties of his office as clerk, from the execution of the bond sued until August 18th, 1877, "when he was ejected by an overpowering force, and in violation of law, from his said office, whereby all liability under said bond ceased."

When the pleadings were read, the written authority for the institution of this suit in the name of the State, signed by the attorney-general, was exhibited to the court, whereupon an order was passed by which it was adjudged: "That this suit is properly brought in the name of the State, and that Montgomery Moses should be made a party defendant with his wife, Catherine Moses," and leave was granted to amend the complaint accordingly.   This being done, Montgomery Moses filed his answer, admitting that he was the husband of the defendant, Catherine, denying all liability on the bond, and adopting the answer filed by the other defendants.

The cause being thus at issue came on to be heard before his Honor, Judge Kershaw, and a jury, when testimony on the part of the plaintiff, to the following effect, was adduced :   1. That it appeared from the account book kept by H. C. Moses, as clerk, that the several sums of money mentioned in the complaint had been received by him in the cases there mentioned.   2. That E. P. Chalmers was elected clerk on July 26th, 1877, and commissioned as such on August 14th, 1877; that he had qualified, and, on August 18th, 1877, took possession of the office of clerk, and had since that time been acting as such; that on August 18th, 1877, he demanded the office from H. C. Moses,

Y

who refused to comply with said demand, and that the said several sums of money above referred to had not been turned over to Chalmers.    3. That demand was made upon H. C. Moses for the money collected in the case of *Harrington and others* v. *O'Neall and others*, by the attorney of persons interested in said money; that such demand was not complied with, and another suit was then pending for said money.    4. That H. C. Moses had no money on deposit in the National Bank of Newberry, to his credit as clerk, except the sum of $26.11, and that he had no other account, as clerk, with any other bank in the Seventh Circuit.    5. That the money bonds in the clerk's office remained in the iron safe therein, the key of which was kept by H. C. Moses, who permitted said Chalmers to have the use of it whenever he desired it, and that eventually it was delivered to Chalmers some time before the trial.

The testimony adduced upon the part of the defendant was to the effect: 1. That suit had been brought on the first bond of Moses as clerk.    2. That the several sums of money mentioned in the complaint were all received by H. C. Moses prior to the execution of the bond sued on in this case.    3. That E. P. Chalmers, on August 18th, 1877, forcibly ejected H. C. Moses from the office of clerk, and that an action brought by Moses against Chalmers, to regain possession of the office, was then pending.    4. That no order of court, to deposit money in any of said cases, was ever served upon said H. C. Moses, though notices of application for such orders, in several of the cases mentioned in the complaint, had been served, which were resisted by H. C. Moses, and were not considered by the Circuit judge to whom such applications were addressed.

In the progress of the testimony the Circuit judge announced that there could be no recovery on the bond, "except for the first breach assigned, to wit, the failure of H. C. Moses to account for money received by him as clerk of the Court of Common Pleas for Newberry county," though he permitted testimony to be offered as to the other alleged breaches, and as there was no exception to this ruling by either party, the case must be considered as resting alone upon that breach.    At the close of the testimony, a motion for a non-suit was made because

the money, alleged to have been received by H. C. Moses, as clerk, and not accounted for, was all received before the execution of the bond sued upon in this action, and there was nothing to submit to the jury. The motion was refused, and the jury rendered a verdict in the following form : " We find for plaintiffs forfeiture or penalty of bond, amount $10,000. Jacob Sligh, Foreman. Bradley *v.* Rodelsperger, $304.15 ; A. B. Boozer, Ex'r, *v.* Mary J. Boozer, $188.48 ; Sally Ann Thompson *v.* Thomas A. Thompson, $756.30 ; W. H. Harrington *et al.* *v.* H. O'Neall, $1,280.22 ; Sarah F. Richardson *v.* Thomas H. Chappel, $41.93 ; Catharine Boazman *v.* W. W. Boazman, $118.34 ; Harriet Epting *v.* Thomas L. Epting, $14.15 ; James A. Crotwell *v.* Jane Boozer, $14.80 ; Isabella Birge, Adm'x, *v.* W. S. Birge, $217.45 ; F. W. A. Summers *v.* W. W. McMorris, $135.89. We find for above plaintiffs amounts as specified, with interest from September 17th, 1877. Jacob Sligh, Foreman."

The grounds of appeal raise the following questions : 1. Was the action properly brought in the name of the State alone ? 2. Could the action be maintained against Mrs. Moses, a married woman, without any allegation that she had a separate estate, and without apt and proper words to charge such estate ? 3. Does the fact that the money, which it is alleged H. C. Moses has failed to account for, was received by him prior to the execution of the second bond, relieve the sureties on that bond from liability and throw it entirely upon the sureties on the first bond ? 4. Was a demand necessary to the maintenance of this action ? 5. Is the verdict so uncertain or so inconsistent with the complaint as not to warrant the entry of any judgment ?

In reference to the first question it is only necessary to say that it could only be raised by a demurrer, and there was no demurrer in this case. *Pom. Rem.*, § 207, *p.* 247. But even had it been properly raised, it would seem from the authorities that the action was properly brought in the name of the State. *Ibid.*, § 176, *p.* 214.

The second question is fully disposed of by the recent decisions of this court, in the cases of *Pelzer, Rodgers & Co.* v. *Campbell & Co.*, and *Clinkscales* v. *Hall,* 15 *S. C.* 581, 602.

We come now to the consideration of the third question raised

by the grounds of appeal. In *Gen. Stat.* (1872) 166, §§ 46, 47, the following provisions are found: "Sec. 46. All moneys which shall hereafter be paid into the Circuit or Probate Courts of the State, or received by the officers thereof *in causes pending therein*, shall be immediately deposited in some incorporated State bank or National bank, within the Circuit, of good credit and standing, or if there be no such bank within the Circuit, then in such bank nearest to the place of holding the court, in the name and to the credit of the court. Sec. 47. No money deposited as aforesaid shall be drawn from said bank, except by order of the judge of said courts respectively, in term-time or in vacation, to be signed by such judge, and to be entered and certified of record by the clerk; and every such order shall state the cause in, or on account of, which it is drawn; provided, that money paid into court to be immediately paid out, need not be so deposited, but shall be paid upon order of the court."

When, therefore, money is received by the clerk of the Circuit Court, in causes pending therein, it is his official duty to deposit the same in some bank of good standing, to the credit of the court, of which he is the clerk, unless the money is to be immediately paid out, when it need not be deposited, but may be paid out upon the order of the court. If a clerk neglects or refuses to perform this duty, he commits a breach of his official bond, and becomes liable to an action for the penalty. The default consists, not in receiving the money, but in neglecting or refusing to deposit it in bank; or where it is to be immediately paid out, in not paying out according to the order of the court. This is a continuing duty, and the default continues as long as the performance of such duty is neglected.

The fact, therefore, that the money in this case was all received by Moses, as clerk, before the execution of the second bond, cannot relieve the sureties on the second bond from liability, if the default continued after the execution of that bond. It seems that Moses did continue to make default in this respect after the execution of the bond sued on in this case, and, therefore, the sureties on this bond, as well as those on the first bond, would be liable for any damages resulting from such default. *Treasurers* v. *Taylor, 2 Bail.* 524.

Under this view of the case, it becomes unnecessary to consider the question whether there was any necessity for a demand, and if so, whether there was any evidence, in this case, of a demand before this action was commenced. It was abundantly proved, and in fact does not seem to have been denied, that the defendant Moses had failed to deposit in bank the money received by him as clerk, with the exception of a very inconsiderable sum, and this was such a breach of the condition of his bond as would warrant judgment for the penalty. If the money had been deposited in bank to the credit of the court, as required by law, then it only could have been drawn out by order of the judge of the Circuit Court, and all that would have been necessary to enable the parties entitled to get their money would have been to obtain such an order, and there would have been no occasion for any demand upon the clerk.

Our next inquiry is as to the form of the verdict, whether it was so uncertain as not to warrant the entry of any judgment. The verdict for the penalty of the bond was, as we have seen, fully warranted by the testimony, and there would be no difficulty in entering judgment on such a verdict. All the rest of the verdict, or rather what is written below the regular and formal verdict for the penalty, may and should be rejected as surplusage, it being a futile attempt on the part of the jury to find damages in favor of persons not parties to the record, which of course must be regarded as a mere nullity. The proper practice in cases of this kind is to enter judgment for the penalty in favor of the obligee, which will stand as a security for those who may have sustained damages by reason of the breach of the condition of the bond, leaving it for those parties claiming to have sustained such damages to come in by proper proceedings and establish their claims; and with a view to avoid multiplicity of suits and secure equality amongst the several claimants, an order should be published requiring all such claimants to come in within a prescribed time, and establish such damages as they may have sustained by reason of the breach of the condition of the bond, and obtain execution on the judgment for the damages so established.

The eighth ground of appeal imputes error to the Circuit

judge in charging the jury to allow interest, but as we are unable to discover any evidence in the record that the Circuit judge gave any such instruction to the jury, the question is not now properly before us. When the parties come in to establish their damages, the question as to interest may then be considered.

The judgment of this court is, that the judgment of the Circuit Court be modified in accordance with the views herein expressed, with leave to the parties interested to come in and establish their claims, according to the practice herein indicated.